IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CR-15-BO
No. 7:16-CV-92-BO

| | | |
|---|---|---|
| RICARDO RIVAS-CASTILLO, | ) | |
| Petitioner, | ) | |
| | ) | O R D E R |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 26, 30]. The government has moved to dismiss the petition, [DE 33], petitioner responded, [DE 36], and the matter is ripe for disposition. For the reasons discussed below, the government's motion to dismiss is granted and petitioner's motion is dismissed.

BACKGROUND

On August 11, 2014, petitioner pleaded guilty, without a plea agreement, to illegal reentry by a deported alien, in violation of 8 U.S.C. §§ 1326(a) and (b). [DE 18]. On November 19, 2014, the Court sentenced petitioner to 44 months' imprisonment and 3 years' supervised release. [DE 22, 23]. Petitioner did not appeal his judgment.

On June 20, 2016, petitioner filed the instant motion under 28 U.S.C. § 2255. [DE 26, 30]. Petitioner alleges that, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016), he received an improper 16-level enhancement to his total offense level. [DE 30 at 4]. The government responded, arguing that the motion should be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [DE 33].

## DISCUSSION

"To survive a motion to dismiss pursuant to Rule 12(b)(6), [petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Under § 2255(b), [u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court must grant a prompt hearing to determine the issues and make findings of fact and conclusions of law with respect thereto." *United States v. Thomas,* 627 F3d 534, 539 (4th Cir. 2010) (internal quotation omitted). However, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas,* 221 F.3d 430, 437 (3d Cir. 2000)).

The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), provides for enhanced punishments for those offenders who have three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). A violent felony is defined by the statute as any crime punishable by more than one year imprisonment that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Supreme Court addressed the constitutionality of the residual clause of ACCA's violent felony definition, which defines a violent felony to include one which "otherwise involves that presents a serious potential risk of physical injury to another." 135 S. Ct. 2557. The Court held that the residual clause is unconstitutionally vague and

2

that to increase a defendant's sentence under that clause denies the defendant due process of law. *Id.* at 2557. In *Welch v. United States*, the Supreme Court held that *Johnson* announced a substantive rule that applies retroactively on collateral review. 136 S. Ct. 1257 (2016).

In calculating petitioner's advisory guideline range, his base offense level was determined to be 8 based on the nature of petitioner's instant offense. [DE 20 at 12, ¶ 44]. A four-level enhancement was applied because petitioner was previously deported after a felony conviction for any other felony. [DE 20 at 12, ¶ 45]. Petitioner's base offense level was also reduced by two levels for acceptance of responsibility. [DE 20 at 12, ¶ 51]. Contrary to what petitioner argues in his motion, he did not receive a 16-level enhancement to his offense level, and nor did he receive an enhancement under the ACCA or under the sentencing guidelines as a career offender. Neither petitioner's base offense level nor his four-level adjustment was affected by language similar to the residual clause in § 924(e)(2)(B)(ii). As a result, the Supreme Court's holding in *Johnson* has no bearing on his sentence.

For these reasons, petitioner cannot state a claim upon which relief may be granted and his § 2255 petition is properly dismissed.

Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose*

*v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's

dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the foregoing reasons, respondent's motion to dismiss [DE 33] is

GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 26, 30] is

DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 2 l day of April, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE